UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMRIT HANS-ATCHISON                      Case No.: _____

        Plaintiff,
vs.

HIGHMARK, INC. D/B/A
HIGHMARK BLUE CROSS BLUE SHIELD and
BLUE CROSS BLUE SHIELD HEALTHCARE
PLAN OF GEORGIA, INC. D/B/A
ANTHEM BLUE CROSS AND BLUE SHIELD,

        Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, AMRIT HANS-ATCHISON (hereinafter "Plan Beneficiary"), through undersigned counsel, and sues Defendants, HIGHMARK, INC. D/B/A HIGHMARK BLUE CROSS BLUE SHIELD (hereinafter "Highmark") and BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC. D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD, (hereinafter "Anthem"), and alleges:

### NATURE OF ACTION

This is a civil action arising under the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, Title 29, United States Code Sections 1000-1461 ("ERISA"), for Defendants' wrongful processing and denial of coverage for Plaintiff's health insurance benefits for a medically necessary acute rehabilitation admission, for failure to provide a meaningful

1

review under ERISA law, for damages, attorney's fees and costs, and for other relief within the subject matter jurisdiction of this Court.

## JURISDICTION AND VENUE

1. This Court possesses original jurisdiction pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United States Code, Section 1331.

2. Venue is proper in the Middle District Court of Florida pursuant to Title 29, United States Code, Section 1132(e) and Title 28, United States Code, Section 139l(b) since the facts and circumstances *(e.g.,* claim denial and payment of health benefits) giving rise to this cause of action transpired (in whole or in part) in Seminole County, Florida and (2) Defendants' conduct a substantial amount of business in this District and in Seminole County, Florida.

3. This is an action that involves parties and property located within the venue of this Court, and venue is otherwise proper pursuant to 28 U.S. Code § 1391.

## THE PARTIES

4. At all times material hereto, the Plan Beneficiary was a citizen and is and was an individual residing in Seminole County, Florida and is *sui juris*.

5. At all times material hereto, the Defendant, HIGHMARK, INC. D/B/A HIGHMARK BLUE CROSS BLUE SHIELD (hereinafter "Highmark"), is and was a health insurance company authorized to, and doing business in the

state of Florida and providing health insurance coverage and plan administration services to Florida residents, including Plaintiff.

6. At all times material hereto, the Defendant, BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC. D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD (hereinafter "Anthem"), is and was a health insurance company authorized to, and doing business in the state of Florida and providing health insurance coverage and plan administration services to Florida residents, including Plaintiff.

7. A substantial part of the events or omissions giving rise to the claim occurred in Seminole County, Florida.

8. At all times material hereto, the Defendant Highmark, administered health benefits and related services in the State of Florida, and is subject to the jurisdiction of this Court.

9. At all times material hereto, Highmark administered employer health benefits and administered health insurance claims for Plaintiff in the State of Florida and more specifically in Seminole County, Florida.

10. At all times material hereto, the Defendant Anthem, administered health benefits and related services in the State of Florida, and is subject to the jurisdiction of this Court.

11. At all times material hereto, Anthem administered employer health benefits and administered health insurance claims for Plaintiff in the State of Florida and more specifically in Seminole County, Florida.

12. At all times material hereto, Hitachi Rail STS USA, Inc. (hereinafter "Hitachi"), is and was a self-funded employer that sponsored a health insurance plan of which Plaintiff is and was a beneficiary. Hitachi employed more than 20 employees at all relevant times.

13. Hitachi is the Plan administrator, however, pursuant to the plan's terms, *only* Highmark is empowered to interpret the Plan and make claims decisions under the Plan.

14. Under the terms of the Plan administered by Defendant, Highmark, Patients who are covered under plans that Defendant administers, like Plaintiff, are entitled to coverage and payment for medically necessary health benefits.

15. At all times material hereto, the Defendant, Highmark was the claims administrator for Hitachi, a self-funded employer sponsored health insurance plan, of which, Plaintiff was a beneficiary.

16. At all times material hereto, the Defendant, Anthem was the claims administrator for Hitachi, a self-funded employer sponsored health insurance plan, of which, Plaintiff was a beneficiary. It is unclear what the relationship between Anthem and Highmark is, but Anthem made claim appeal determinations for the Plaintiff.

17. At all times material hereto, the Defendant, Anthem acted as an Agent for Highmark as the claims administrator for Hitachi, a self-funded employer sponsored health insurance plan, of which, Plaintiff was a beneficiary.

## **PRELIMINARY STATEMENT**

Plaintiff submitted an appeal to Anthem which Anthem processed. Despite the appeal having been submitted for dates of service from June 25, 2023, and all dates of service moving forward, Anthem only reversed and approved one date of service – June 25, 2023. Plaintiff made attempts to resolve the issues, but Anthem did not respond to Plaintiff's attempts to resolve the issues, and only approved one day.

## **STATEMENT OF THE FACTS**

18. At all material times, the Plan Beneficiary was covered by the health insurance plan (Member ID No. 647W15116) sponsored and self-funded by her husband's employer, Hitachi. A copy of the Plan document is attached hereto. *See* Composite Exhibit A.

19. Highmark is the claims administrator for Hitachi. Highmark is *solely responsible* to Plaintiff as a fiduciary with complete authority to review all denied claims for benefits under the Health Plan. *See* Plan Document, pg. 46, 56, 58.

20. The Plan Beneficiary is bound by Highmark's interpretation of the Plan when Anthem administers the Coverage. *See* Plan Document, pg. 53. Anthem is responsible to the Plan Beneficiary for what Anthem's employees and other agents do. *Id*.

21. At all material times, the Plan Beneficiary required medical services. More specifically, Plaintiff's treating providers determined that she needed Acute In-Patient Rehabilitation services.

22. A pre-authorization request was submitted by the Beneficiary for inpatient treatment at NeuLife Rehabilitation located at 2725 Robie Ave, Mt Dora, FL 32757 ("NeuLife") for continued therapy which was subsequently denied by Anthem.

23. In June 2023, the Beneficiary, submitted a Request for Acute Inpatient Rehabilitation admission for services beginning on June 25, 2023 and continuation of care for the diagnoses of Guillian Barre Syndrome, Neurogenic Bladder and Pleural Effusion w/PluerX Cath, foot drop, left foot, foot drop, rightfoot, unspecified abnormalities of gait and mobility.

24. By letter June 21, 2023, Anthem denied the request as not medically necessary. *See* Exh. B. Per the guidelines quoted by Anthem, the following elements must be met for services to be approved:

> 1. Patient must be participating in intensive therapy (generally a minimum of 15 hours per week);
> 2. Patient is showing measurable improvement in functioning;
> 3. Patient is making progress in therapy (physical therapy, occupational therapy, and/or speech/language therapy; and
> 4. Other care needs are stable and improving.

25. Anthem quotes MCG Guideline Inpatient Rehabilitation Facility (IRF) Admission Recovery Facility Care: Neurological Disorders (ORG: I-7016), but fails to provide a copy of the coverage guidelines and also fails to provide a

citation to where these guidelines can be accessed by the Insured, thus the Insured is unable to provide a detailed response related to the guidelines cited.

26. Anthem determined the services were not medically necessary. No further information was provided by Anthem to support the denial.

27. On September 20, 2023, Ms. Hans Atchinson submitted an appeal and requested that Anthem "Please provide the policy provision and/or definition that defines "significant progress" and the basis of your denial based on "significant progress" in addition to many other documents.

28. As part of the appeal she submitted over 1,000 pages of clinical documentation, as follows:

- 2023 Neurology Office Notes
- Paracentesis Reports from January 2023 through September 2023
- Team Conference Notes from January 2023 - September 2023
- Therapy Progress Notes from January 2023 - September 2023
- Podiatry Office Notes from February 28, 2023 - September 2023
- Physician Progress Notes from January 2023 - September 2023
- Vohra notes from January 2023 - February 2023
- AHA Paracentesis 1/03/2023
- AHA Paracentesis 1/05/2023
- AHA Paracentesis 1/10/2023
- AHA Paracentesis 1/17/2023
- AHA Paracentesis 1/31/2023
- AHA Paracentesis 2/07/2023
- AHA Paracentesis 2/14/2023
- AHA Paracentesis 2/20/2023
- AHA Paracentesis 2/28/2023
- AHA Paracentesis 3/21/2023
- AHA Paracentesis 3/28/2023
- AHA Paracentesis 4/04/2023
- AHA Paracentesis 4/11/2023
- AHA Paracentesis 4/18/2023
- AHA Paracentesis 4/25/2023
- AHA Paracentesis 5/02/2023

- AHA Paracentesis 5/09/2023
- AHA Paracentesis 5/16/2023
- AHA Paracentesis 6/20/2023
- AHA Paracentesis 7/06/2023
- AHA Paracentesis 7/25/2023
- AHA Physician Progress 1/26/2023
- AHA Physician Progress 2/23/2023
- AHA Physician Progress 3/30/2023
- AHA Physician Progress 4/27/2023
- AHA Physician Progress 5/31/2023
- AHA Physician Progress 6/22/2023
- AHA Therapy Notes Jan. 2023
- AHA Therapy Notes Feb. 2023
- AHA Therapy Notes Mar. 2023
- AHA Therapy Notes Apr. 2023
- AHA Therapy Notes May 2023
- AHA Therapy Notes June 23rd , 2023
- AHA Therapy Notes June 30th, 2023
- AHA Therapy Notes July 2023
- AHA Vohra Notes 1/05/2023
- AHA Vohra Notes 1/12/2023
- AHA Vohra Notes 1/26/2023
- AHA Vohra Notes 2/02/2023
- AHA Team Conf. Feb. 2023 (1)
- AHA Team Conf. Feb. 2023 (2)
- AHA Team Conf. Feb. 2023 (3)
- AHA Team Conf. 3/02/2023
- AHA Team Conf. 3/09/2023
- AHA Team Conf. 3/16/2023
- AHA Team Conf. 3/23/2023
- AHA Team Conf. 3/30/2023
- AHA Team Conf. 4/06/2023
- AHA Team Conf. 4/20/2023
- AHA Team Conf. 4/27/2023
- AHA Team Conf. 5/11/2023
- AHA Team Conf. 5/18/2023
- AHA Team Conf. 5/24/2023
- AHA Team Conf. 5/31/2023
- AHA Team Conf. 7/14/2023
- AHA Team Conf. 7/20/2023
- AHA Team Conf. 7/28/2023
- AHA Team Conf. 8/10/2023
- AHA Team Conf. 8/17/2023

- AHA Team Conf. 8/24/2023
- AHA Team Conf. 8/31/2023
- AHA Team Conf. 9/07/2023
- AHA Podiatry Office Notes 2/28/2023
- AHA Podiatry Office Notes July 2023
- AHA Neurology Office Notes 1/16/2023
- AHA Neurology Office Notes 2/13/2023
- AHA Neurology Office Notes 7/18/2023
- MAR & TAR Jan. 2023
- MAR & TAR Feb. 2023
- MAR & TAR Mar. 2023
- MAR & TAR Apr. 2023
- MAR & TAR May 2023
- MAR & TAR June 2023
- Medical Records 4/27/2023
- CBC with diff./ platelet (1)
- CBC with diff./platelet (2)
- CBC with diff./platelet (3)
- CBC with diff./platelet (4)
- CBC with diff./ platelet (5)
- CBC with diff./ platelet (6)
- CBC with diff./ platelet (7)
- CBC with diff./ platelet (8)
- CBC with diff./ platelet (9)
- CBC with diff./ platelet (10)
- CBC with diff./ platelet 1/11/2023
- CT Results
- Ammonia_ Plasma
- Ancillary off site
- Doc 0318992023... Reason for visit
- Doc 0358512023... ARTCS Orlando Health
- Doppler Report (1) FAX 1/30/2023
- Doppler Report (2) Trident Care 3/17/2023
- Doppler Report (3) Trident Care 4/27/2023
- Doppler Report 12/20/2022 Trident Care

29. The Beneficiary continued to make progress and currently remains at NeuLife.

9

30. As of the date of filing of the appeal and based on clinical evaluations, examination of the Insured by her treating providers, and continued progress, it was and continues to be medically necessary for the Insured to remain at NeuLife due to her condition and for the following reasons:

    i. The Insured has been undergoing rehabilitation at NeuLife due the complexity of her conditions;

    ii. The Insured requires and is participating in intensive therapy (a minimum of 15 hours per week);

    iii. The Insured is showing measurable improvement in functioning;

    iv. The Insured is making progress in therapy (physical therapy and occupational therapy; and

    v. Her other care needs are stable and improving.

31. On approximately, November 27, 2023, Christina an Anthem representative called the undersigned's office regarding the appeal. Christina stated the appeal was overturned and that they did not have any other authorizations past June 25, 2023.

32. The office of the undersigned advised Christina that all dates of service from June 25, 2023, moving forward is what is at issue as stated in the appeal.

33. Despite the clarification and reference to the exact wording of the appeal, she did not quite understand and stated there were no other authorization requests.

34. After review of the appeal, Anthem issued a letter dated December 1, 2023, wherein it approved the inpatient stay at NeuLife for *one day*, June 25, 2023. *See* Exh. C.

35. The undersigned's officed submitted a follow up letter dated February 21, 2024 to again confirm that the appeal submitted was not limited to *one day* and requested that the issue be resolved for approval of all dates of service from June 25, 2023 to the present.

36. As of the date of filing this lawsuit, no response to the letter has been received. *See* Exh. D.

37. Anthem has failed to comply with its own plan terms and provisions in the processing of the Appeal and approval of the claims.

38. The Beneficiary has had to incur out of pocket expenses for all dates of service after June 25, 2023, despite the fact that the services are medically necessary and covered under the Policy.

39. The services are covered under various Policy provisions. *See* Pg. 10, Rehabilitative Care; Therapeutic Care; Pg. 14, Hospital ancillary services; See Pg. 27, Therapy and Rehabilitation Services, See also pg. 96.

40. By virtue of multiple violations and wrongful denial of benefits by the Defendants and its agents, Plaintiff has incurred out of pocket medical

expenses in excess of $100,000, been forced to retain the services of the undersigned counsel and has agreed to pay said attorney a reasonable fee for her services.

41. All conditions precedent to the institution of this action (e.g., administrative pre-suit appeals) have occurred, been performed, been waived, or were futile.

## COUNT I
## VIOLATION OF §502 (a) of ERISA Against Defendant Anthem

42. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1 through 41 as if fully set forth herein.

43. Plaintiff is a Plan Beneficiary under §502(a) of ERISA.

44. As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to recover benefits under the terms of the plan administered by Defendant, its agents, and employees, under which he is covered.

45. As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to clarification of her rights to benefits under the terms of the Plan administered by Defendant, its agents, and employees, under which she is covered.

46. The terms of the health benefit plan at issue in this action obligates Defendant, its agents, and employees, to cover and make payment to Plaintiff for the Acute Rehabilitation services and covered services in accordance with its terms.

47. Defendant, its agents, and employees, failed to cover and make full payment of benefits to Plaintiff although the services are covered under the Policy and the services for which she sought coverage are medically necessary, in violation of ERISA.

48. Defendant, its agents, and employees, failed to provide Plaintiff with all rights she is entitled to under the terms of the Plan administered by Defendant, under which she is covered, in violation of ERISA.

49. Defendant, its agents, and employees, failed to make clear to Plaintiff all rights she is entitled to under the terms of the Plan administered by Defendant, under which she is covered in violation of ERISA.

50. Defendant, its agents, and employees, further violated ERISA by interpreting and implementing ERISA plan terms in a way that was systematically arbitrary and capricious, and failed to provide a benefit determination and appeal process that provides for a full and meaningful review of benefit claims and determinations.

51. As a direct and proximate cause of the Defendant's and Defendant's agents and employees' violations of ERISA, Plaintiff has suffered damages.

52. Plaintiff is entitled to monetary damages and/or restitution from Defendant. In particular, and not by way of limitation, Defendant is liable to Plaintiff for unpaid benefits, interest, attorneys' fees, and other penalties as this Court deems just and proper, under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

53. In addition, Plaintiff seeks counsel fees, costs, prejudgment interest and other appropriate equitable relief, Defendant's violations of ERISA.

## **COUNT I**
## **VIOLATION OF §502 (a) of ERISA Against Defendant HighMark**

54. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1 through 41 as if fully set forth herein.

55. Plaintiff is a Plan Beneficiary under §502(a) of ERISA.

56. As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to recover benefits under the terms of the plan administered by Defendant, its agents, and employees, under which he is covered.

57. As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to clarification of her rights to benefits under the terms of the Plan administered by Defendant, its agents, and employees, under which she is covered.

58. The terms of the health benefit plan at issue in this action obligates Defendant, its agents, and employees, to cover and make payment to Plaintiff for the Acute Rehabilitation services and covered services in accordance with its terms.

59. Defendant, its agents, and employees, failed to cover and make full payment of benefits to Plaintiff although the services are covered under the Policy and the services for which she sought coverage are medically necessary, in violation of ERISA.

60. Defendant, its agents, and employees, failed to provide Plaintiff with all rights she is entitled to under the terms of the Plan administered by Defendant, under which she is covered, in violation of ERISA.

61. Defendant, its agents, and employees, failed to make clear to Plaintiff all rights she is entitled to under the terms of the Plan administered by Defendant, under which she is covered in violation of ERISA.

62. Defendant, its agents, and employees, further violated ERISA by interpreting and implementing ERISA plan terms in a way that was systematically arbitrary and capricious, and failed to provide a benefit determination and appeal process that provides for a full and meaningful review of benefit claims and determinations.

63. As a direct and proximate cause of the Defendant's and Defendant's agents and employees' violations of ERISA, Plaintiff has suffered damages.

64. Plaintiff is entitled to monetary damages and/or restitution from Defendant. In particular, and not by way of limitation, Defendant is liable to Plaintiff for unpaid benefits, interest, attorneys' fees, and other penalties as this Court deems just and proper, under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

65. In addition, Plaintiff seeks counsel fees, costs, prejudgment interest and other appropriate equitable relief, Defendant's violations of ERISA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, AMRIT HANS-ATCHISON, prays that this Honorable Court will enter judgment against Defendants, HIGHMARK and ANTHEM, as follows:

a. For monetary damages and civil penalties;
b. For reasonable attorney's fees and costs of suit;
c. For all damages allowed under ERISA;
d. Declaring that Anthem has breached the terms of the Summary Plan Description;
e. Declaring that Anthem has breached its fiduciary duties under ERISA;
f. Declaring that HighMark has breached the terms of the Summary Plan Description;
g. Declaring that HighMark has breached its fiduciary duties under ERISA;
h. Awarding pre-judgment and post-judgment interest; and
i. For such other and further relief as the Court deems just and proper.
Dated this 24th day of March 2024.

Respectfully submitted,

**HEALTH AND MEDICINE LAW FIRM**
*Counsel for Plaintiff*
8950 SW 74th Court, Suite 2201
Miami, FL 33156
Phone No.: 305-677-2292
Fax: 305-677-2306
Service email:
admin@healthandmedicinelawfirm.com
Attorney email:
msanti@healthandmedicinelawfirm.com

By:   /s/ Maria T. Santi
       MARIA T. SANTI, ESQUIRE
       Florida Bar No.: 117564