UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:24-cv-00586-ACC-LHP

AMRIT HANS-ATCHISON,

    Plaintiff,

v.

ANTHEM INSURANCE COMPANIES,
INC. D/B/A ANTHEM BLUE CROSS
AND BLUE SHIELD,

    Defendant.
_____/

**DEFENDANT ANTHEM INSURANCE COMPANIES, INC.
D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, ANTHEM INSURANCE COMPANIES, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD ("Anthem BCBS"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(a), hereby files this Answer and Affirmative Defenses to Plaintiff, Amrit Hans-Atchison's ("Plaintiff") Second Amended Complaint (the "SAC"), D.E. 21, and states:

**NATURE OF ACTION**

Anthem BCBS admits that Plaintiff brings this action under the Employment Retirement Income Security Act of 1974, Title 29, United States Code Section 1000-

1461 ("ERISA"), but denies that it has committed any acts or omissions giving rise to the claims asserted by Plaintiff and/or violated any laws, or that Plaintiff is entitled to any relief in this matter.

## JURISDICTION AND VENUE

1. Anthem BCBS admits the allegations within Paragraph 1 of the SAC for jurisdictional purposes only.

2. Anthem BCBS denies the allegations within Paragraph 2 of the SAC.

3. Anthem BCBS is without knowledge of Plaintiff's location. Anthem BCBS denies it is located within the venue of this Court.

## THE PARTIES

4. Anthem BCBS is without sufficient knowledge and information to answer the allegations within Paragraph 4 of the SAC and therefore, denies said allegations.

5. Anthem BCBS denies as phrased the allegations within Paragraph 5 of the SAC.

6. Anthem BCBS denies the allegations within Paragraph 6 of the SAC.

7. Anthem BCBS denies the allegations within Paragraph 7 of the SAC.

8. Anthem BCBS denies the allegations within Paragraph 8 of the SAC.

9. Anthem BCBS denies the allegations within the first sentence of Paragraph 9 of the SAC. Anthem BCBS is without sufficient knowledge and

information to answer the allegations within the second sentence of Paragraph 9 of the SAC and therefore, denies said allegations.

10. Anthem BCBS denies the allegations within Paragraph 10 of the SAC.

11. Anthem BCBS denies the allegations within Paragraph 11 of the SAC.

12. Anthem BCBS denies as phrased the allegations within Paragraph 12 of the SAC.

## **PRELIMINARY STATEMENT**

Anthem BCBS denies as phrased the allegations within the first and second sentences of Plaintiff's "Preliminary Statement." Anthem BCBS denies the allegations within the third sentence of Plaintiff's "Preliminary Statement."

## **STATEMENT OF THE FACTS**

13. Anthem BCBS denies that Plaintiff was a member of a health insurance plan sponsored and self-funded by Hitachi. Anthem BCBS states that Exhibit A to Plaintiff's SAC speaks for itself.

14. Anthem BCBS denies the allegations within Paragraph 14 of the SAC.

15. The allegations within the first sentence of Paragraph 15 of the SAC assert a legal conclusion to which no response is required; however, to the extent a response is required, Anthem BCBS denies the allegations therein. Anthem BCBS further states that Exhibit A to the SAC speaks for itself, and Anthem BCBS denies any and all allegations inconsistent therewith.

16. Anthem BCBS denies the allegations within the first sentence of Paragraph 16 of the SAC. Anthem BCBS is without sufficient knowledge and information to answer the allegations within the second sentence of Paragraph 16 of the SAC and therefore, denies said allegations.

17. Anthem BCBS states that the allegations within Paragraph 17 of the SAC characterize documents that speak for themselves as to content, and Anthem BCBS denies any and all allegations inconsistent therewith.

18. Anthem BCBS states that the allegations within Paragraph 18 of the SAC characterize documents that speak for themselves as to content, and Anthem BCBS denies any and all allegations inconsistent therewith.

19. Anthem BCBS states that Exhibit B to Plaintiff's SAC speaks for itself, and Anthem BCBS denies any and all allegations inconsistent therewith.

20. Anthem BCBS denies the allegations within Paragraph 20 of the SAC.

21. Anthem BCBS denies the allegations within Paragraph 21 of the SAC.

22. Anthem BCBS states that the allegations within Paragraph 22 of the SAC characterize documents that speak for themselves as to content, and Anthem BCBS denies any and all allegations inconsistent therewith.

23. Anthem BCBS states that the referenced appeal and documents submitted in connection therewith speak for themselves, and Anthem BCBS denies

any and all allegations inconsistent therewith. Anthem further denies that Plaintiffs "submitted over 1,000 pages of clinical documentation."

24. Anthem BCBS is without sufficient knowledge and information to answer the allegations within Paragraph 24 of the SAC and therefore, denies said allegations.

25. Anthem BCBS denies the allegations within Paragraph 25 of the SAC.

26. Anthem BCBS denies as phrased allegations within Paragraph 26 of the SAC.

27. Anthem BCBS denies as phrased allegations within Paragraph 27 of the SAC.

28. Anthem BCBS denies as phrased the allegations within Paragraph 28 of the SAC.

29. Anthem BCBS states that Exhibit C to Plaintiff's SAC speaks for itself, and Anthem BCBS denies any and all allegations inconsistent therewith.

30. Anthem BCBS states that Exhibit D to Plaintiff's SAC speaks for itself, and Anthem BCBS denies any and all allegations inconsistent therewith.

31. Anthem BCBS is without sufficient knowledge and information to answer the allegations within Paragraph 31 of the SAC and therefore, denies same.

32. Anthem BCBS denies the allegations within Paragraph 32 of the SAC.

33. Anthem BCBS is without sufficient knowledge and information to answer the allegations within Paragraph 33 of the SAC to the extent that they allege that Plaintiff "has had to incur out of pocket expenses for all dates of service after June 25, 2023," and therefore, denies said allegations. Anthem BCBS denies the allegations within Paragraph 33 of the SAC to the extent that they allege that the services at issue "were medically necessary and covered under the Policy."

34. Anthem BCBS denies the allegations within Paragraph 34 of the SAC.

35. Anthem BCBS denies the allegations within Paragraph 35 of the SAC to the extent that they allege that Anthem BCBS and its agents purportedly committed "multiple violations of law or wrongful denial of benefits." Anthem BCBS is without sufficient knowledge and information to answer the allegations within Paragraph 35 of the SAC to the extent that they allege that Plaintiff "has incurred out of pocket medical expenses in excess of $100,000" and "has agreed to pay said attorney a reasonable fee for her services," and therefore, denies said allegations. Anthem BCBS denies the allegations within Paragraph 35 of the SAC to the extent they allege that Plaintiff has "been forced to retain the services of the undersigned counsel."

36. Anthem BCBS denies the allegations within Paragraph 36 of the SAC.

## COUNT I
## Alleged Violation of § 502(a) of ERISA Against Defendant Anthem

37. Anthem BCBS adopts and re-alleges its responses to Paragraphs 1 through 36 of the SAC as if fully set forth herein.

38. The allegations within Paragraph 38 of the SAC assert a legal conclusion to which no response is required.

39. The allegations within Paragraph 39 of the SAC assert a legal conclusion to which no response is required; however, to the extent a response is required, Anthem BCBS denies as stated the allegations therein.

40. The allegations within Paragraph 40 of the SAC assert a legal conclusion to which no response is required; however, to the extent a response is required, Anthem BCBS denies the allegations therein.

41. Anthem BCBS denies the allegations within Paragraph 41 of the SAC.

42. Anthem BCBS denies the allegations within Paragraph 42 of the SAC.

43. Anthem BCBS denies the allegations within Paragraph 43 of the SAC.

44. Anthem BCBS denies the allegations within Paragraph 44 of the SAC.

45. Anthem BCBS denies the allegations within Paragraph 45 of the SAC.

46. Anthem BCBS denies the allegations within Paragraph 46 of the SAC.

47. Anthem BCBS denies the allegations within Paragraph 47 of the SAC.

48. Anthem BCBS denies the allegations within Paragraph 48 of the SAC.

WHEREFORE, Defendant, Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield, respectfully requests that this Honorable Court enter judgment against Plaintiff as to all issues set forth within Count I of Plaintiff's Second Amended Complaint, and request all relief to which Anthem BCBS is entitled, including an award of Anthem BCBS's reasonable attorney's fees and costs of the action pursuant to 29 U.S.C. § 1132(g)(1), and costs and expenses incurred in this action, along with any other relief this Honorable Court deems just and proper.

## GENERAL DENIAL

Anthem BCBS denies each and every allegation of the SAC not specifically admitted herein.

## AFFIRMATIVE DEFENSES

For its additional defenses and without admitting that Anthem BCBS bears the burden of proof as to any defenses in this action, Anthem BCBS states the following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted because no viable cause of action exists. Plaintiff has not and cannot show that Anthem BCBS violated any specific term or provision of the Benefit Booklet at issue.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff demands request for relief or remedy not provided by § 502(a) of ERISA, including any arising under state law, those demands are preempted by ERISA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to properly exhaust administrative remedies and/or satisfy all conditions precedent as required under ERISA and the specific terms and provisions of the Benefit Booklet at issue.

## FOURTH AFFIRMATIVE DEFENSE

Anthem BCBS's claims at issue are barred, in whole or in part, by the terms and conditions of the Benefit Booklet at issue.

## FIFTH AFFIRMATIVE DEFENSE

Any judgment in favor of Plaintiff (which Anthem BCBS denies) should likewise be barred or limited to the extent the relief demanded by Plaintiff is improper, and exceeds the scope of permissible damages and remedies, and/or is otherwise not available under ERISA or the Benefit Booklet at issue.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's claims at issue are not covered and/or are excluded services under the Benefit Booklet at issue.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Anthem BCBS acted in compliance with all federal and state laws and contractual terms at all times with respect to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, deducted, set off, and/or reduced, in whole or in part, due to Plaintiff's receipt of and/or eligibility for other benefit sources.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, unclean hands, release, accord and satisfaction, and/or estoppel.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to mitigate damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Anthem BCBS acted reasonably and in good faith at all times with respect to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the benefits sought under the Benefit Booklet at issue, which gave Anthem BCBS discretionary authority for benefit determination. Plaintiff has not and cannot show there has been an abuse of discretion in the

interpretation of the Benefit Booklet at issue or the determination of benefits, and cannot otherwise show that the denial of benefits was improper in any way. Accordingly, Plaintiff is not entitled to any relief sought.

### **THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff received prior overpayment of benefits, Anthem BCBS is entitled to a credit or set-off.

Anthem BCBS reserves the right to amend its affirmative defenses as this litigation continues and discovery commences.

**Dated: July 10, 2024**

    Respectfully submitted,

    **NELSON MULLINS RILEY**
    **& SCARBOROUGH, LLP**
    *Attorneys for Defendant, Anthem*
    *Insurance Companies, Inc. d/b/a*
    *Anthem Blue Cross and Blue Shield*
    One Financial Plaza
    100 S.E. 3rd Avenue, Suite 2700
    Fort Lauderdale, Florida 33394
    Telephone: (954) 745-5251
    Facsimile: (954) 761-8135
    Nina.Welch@nelsonmullins.com
    Melissa.Scott@nelsonmullins.com

    By: */s/ Melissa Scott*
    Nina C. Welch, Esq.
    Florida Bar No.: 118900
    Melissa J. Scott, Esq.
    Florida Bar No.: 1010123

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2024, a true and correct copy of the foregoing was file with the Court's electronic filing CM/ECF system, which will send a notice of electronic filing on all counsel or parties of record.

By: */s/ Melissa Scott*
Melissa J. Scott, Esq.
Florida Bar No. 1010123

## SERVICE LIST

Maria T. Santi, Esq.
Florida Bar No.: 117564
**HEALTH AND MEDICINE LAW FIRM PLLC**
8950 SW 74th Court, Suite 2201
Miami, FL 33156
Telephone: (305) 677-2292
Fax: (305) 677-2306
msanti@healthandmedicinelawfirm.com
*Attorneys for Plaintiff*