**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AMRIT HANS-ATCHISON,

    Plaintiff,

v.                                                   Case No:   6:24-cv-586-ACC-LHP

ANTHEM INSURANCE
COMPANIES, INC., d/b/a ANTHEM
BLUE CROSS AND BLUE SHIELD,

    Defendant.

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT ANTHEM INSURANCE COMPANIES, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD'S UNOPPOSED MOTION TO SEAL ERISA ADMINISTRATIVE RECORD UNDER FED. R. CIV. P. 5.2(D) (Doc. No. 39)
>
> **FILED:** November 12, 2024
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant moves to file under seal the administrative record in this case arising under the Employee Retirement Income Security Act, 29 U.S.C. § 1101, *et seq.*

Doc. No. 39. Defendant explains that the administrative record contains "Plaintiff's protected health information and medical records related to the claims for healthcare benefits at issue," and thus, contains protected health information under the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1301, *et seq.* ("HIPAA"). *Id.*, at 2. Defendant states redacting is unsatisfactory because of the sensitive nature of the documents and HIPAA-protected health information, the absence of public interest in such sensitive and legally protected health information, and the substantial burden of redacting such information from the majority of documents contained in the administrative record. *Id.*, at 2, 4–5. Plaintiff does not oppose the motion to seal, and in fact prefers such sealing. *Id.*, at 2–3.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11. The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records. *See, e.g., Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's

interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).

Upon review, the Court finds good cause to permit the administrative record to be filed under seal. *Vaughn v. Aetna Life Ins. Co.*, No. 1:16-CV-1107-WSD, 2018 WL 2266909, at *8–9 & n.15 (N.D. Ga. May 17, 2018) (permitting ERISA administrative record containing personal health information to be filed under seal). *See also Mottert v. Union Sec. Ins. Co.*, No. 8:17-cv-998-T-36AEP, Doc. No. 29 (M.D. Fla. Mar. 7, 2018) (permitting ERISA administrative record to be filed under seal). Accordingly, the Court will permit Defendant to file the administrative record under seal. It is **ORDERED** as follows:

1. Defendant's Unopposed Motion to Seal ERISA Administrative Record Under Fed. R. Civ. P. 5.2(d) (Doc. No. 39) is **GRANTED**.

2. On or before **November 20, 2024**, Defendant shall file the administrative record under seal.

3. This seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted. *See* Local Rule 1.11(e).

**DONE** and **ORDERED** in Orlando, Florida on November 13, 2024.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties