**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AMRIT HANS-ATCHISON,

    Plaintiff,

v.   Case No:   6:24-cv-586-ACC-LHP

ANTHEM INSURANCE
COMPANIES, INC.,

    Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION TO ALLOW DISCOVERY IN ERISA ACTION AND TO SUPPLEMENT THE RECORD (Doc. No. 47)
>
> **FILED:** February 24, 2025
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

**I.   INTRODUCTION**

On March 26, 2024, Plaintiff Amrit Hans-Atchison filed a one-count Complaint against Defendants Highmark, Inc. d/b/a Highmark Blue Cross Blue

Shield and Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. d/b/a Anthem Blue Cross and Blue Shield, alleging Defendants unlawfully denied Plaintiff health insurance benefits in violation of the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1000, *et seq.* ("ERISA").  Doc. No. 1.  The operative pleading is the second amended complaint, filed June 17, 2024, which asserts a sole claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B) of ERISA against Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Anthem"). Doc. No. 21.

In sum, Plaintiff is a member and beneficiary of a self-funded group health plan (the "Plan") for which Anthem is the claims administrator.  Doc. No. 21, ¶¶ 13-14.  As set forth in the Plan, Anthem has complete discretion to interpret the Plan, to make claims determinations, and to resolve appeals.  *Id.*, ¶ 15.  Plaintiff submitted a request for acute inpatient rehabilitation services beginning on June 25, 2023 and continuing for several days thereafter.  *Id.*, ¶ 18.  On June 21, 2023, Anthem denied the request as not medically necessary.  *Id.*, ¶¶ 19, 21.  Plaintiff appealed on September 20, 2023, submitting over 1000 pages of clinical records in support.  *Id.*, ¶¶ 22-23.  On November 27, 2023, Anthem notified Plaintiff that the appeal was overturned, but that Anthem did not have any requests for authorization past June 25, 2023.  *Id.*, ¶¶ 26, 28.  On December 1, 2023, Anthem issued a letter approving inpatient treatment for June 25, 2023 only.  *Id.*, ¶ 29.

Plaintiff attempted to clarify that her request for services included dates after June 25, 2023, and her counsel submitted a follow up latter dated February 21, 2024 requesting that Plaintiff be approved for services for all date from June 25, 2023 to the present. *Id.*, ¶¶ 27, 30. Anthem did not respond to the letter and did not approve any other dates or otherwise modify its appeal determination. *Id.*, ¶¶ 31, 33. Plaintiff alleges that Anthem's refusal to cover services for dates after June 25, 2023 violates the Plan's terms and provisions, and constitutes a violation of 29 U.S.C. § 1132(a)(1)(B). *Id.*, ¶¶ 37-47.

On August 7, 2024, the Court issued a Scheduling Order for a Claim-Review Case Filed Under ERISA ("CMSO"). Doc. No. 32. The CMSO set forth deadlines for the filing of the administrative record, for Plaintiff's and Anthem's briefs, and a mediation deadline. *Id.* The CMSO did not establish any time period for discovery. *Id.* Instead, the CMSO stated that "[i]f the Court determines that discovery or a trial is required, a separate order will be entered." *Id.*, at 2.

After receiving one extension of time, *see* Doc. Nos. 37-38, Anthem filed the administrative record under seal on November 20, 2024. Doc. Nos. 41 through 41-17 (sealed); *see also* Doc. Nos. 39-40. The administrative record consists of 3,155 pages, does not contain any sort of cover page or table of contents, is not bates numbered, and is not certified. Doc. Nos. 41 through 41-17. Instead, the administrative record is filed in 18 separate parts, with the pagination for each part

restarting at "1," making it virtually impossible for the Court to determine the contents of the administrative record or to locate any specific portions of the record, including those cited by the parties. *Id.*[1] On February 10, 2025, Plaintiff timely-filed her brief in support of her claim. Doc. No. 46; *see also* Doc. Nos. 42-44. And on March 13, 2025, Anthem timely-filed its brief in opposition. Doc. No. 55. Plaintiff has also filed her reply. Doc. No. 59.

## II.     THE MOTION FOR DISCOVERY AND TO SUPPLEMENT

On February 24, 2025, more than three (3) months after the administrative record was filed, and two (2) weeks after Plaintiff filed her brief, Plaintiff filed the above-styled motion for discovery and to supplement the record. Doc. No. 47. Plaintiff contends that she requested nine (9) categories of documents from Anthem during the Second Level Appeal of her claim, and to date Anthem has refused to provide seven (7) of those categories. *Id.*, at 4-6. Plaintiff argues that these documents "are material to the actions taken by Anthem," and thus discoverable. *Id.*, at 6. Plaintiff further argues that the November 20, 2024 administrative record

---

[1] On April 1, 2025, without seeking or obtaining leave of Court and without any explanation, Anthem filed a second sealed administrative record. Doc. No. 58. Given the lack of explanation or authorization, and in light of expiration of the November 20, 2024 deadline, *see* Doc. No. 40, the undersigned ordered the filing stricken and removed from the docket. Doc. No. 62.

should be supplemented to include Plaintiff's counsel's February 21, 2024 letter and proof of mailing and receipt of same. *Id.*, at 7.

Anthem filed its response in opposition, arguing that the administrative record already "includes all the facts and information that were available to [Anthem] at the time it made its decision on Plaintiff's benefit claim." Doc. No. 53, at 1, 4. More specifically, Anthem argues that ERISA permits only very limited discovery, with most disputes resolved on the administrative record alone, and Plaintiff "seeks documents and information that either did not exist or were not available to [Anthem] at the time of the benefit determination." *Id.*, at 2, 8-9. Anthem further argues that some of the requested materials "are irrelevant, as they relate to claim requests that were never properly submitted under the Plan's claims procedure and are not before this Court." *Id.* Anthem also opposes Plaintiff's request to supplement the record, as the February 21, 2024 letter and mailing information "were neither submitted nor in existence during the benefits determination process." *Id.*, at 2, 10-11.

Upon review of the motion and response, the undersigned directed Plaintiff to file a reply brief addressing the timeliness of the motion, as well as the arguments raised by Anthem in its response. Doc. No. 54. Plaintiff timely-filed its reply on March 21, 2025. Doc. No. 57. First, Plaintiff argues that her request for discovery is not untimely because the CMSO did not prohibit discovery nor set a discovery

deadline. *Id.*, at 2. Next, Plaintiff argues that the discovery she requests, and the information she seeks to add to the record, are both relevant and within the scope permitted in an ERISA administrative record review action. *Id.*, at 3-6.

With the motion now fully briefed, and for the reasons discussed below, Plaintiff's motion (Doc. No. 47) will be granted to the extent that limited discovery on two narrow topics will be permitted, and denied in all other respects.

## III. ANALYSIS

A court reviewing a denial of ERISA benefits where, as here, the plan administrator is granted broad discretionary authority, applies an arbitrary and capricious standard of review. *Cagle v. Bruner*, 112 F.3d 1510, 1517 (11th Cir. 1997).[2] In such a review, the court should limit discovery to the evidence that was before the plan administrator when it denied the claim for benefits. *Jett v. Blue Cross & Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1140 (11th Cir.1989). The court is limited to "the facts as known to the administrator at the time the decision was made." *Glazer v. Reliance Standard Life Ins. Co.*, 524 F.3d 1241, 1246 (11th Cir. 2008) (citing *Jett*, 890 F.2d at 1139); *see also Curran v. Kemper Nat'l Servs., Inc.*, No. 04-14097, 2005 WL

---

[2] Here, both parties rely on the arbitrary and capricious standard of review in their briefing. Doc. Nos. 47, 53, 57. But the undersigned does not speak to the issue of whether the arbitrary and capricious standard will ultimately apply in resolving Plaintiff's claims.

894840, at *7 (11th Cir. Mar. 16, 2005) ("[I]n an ERISA benefit denial case . . . in a very real sense, the district court sits more as an appellate tribunal than as a trial court. It does not take evidence, but, rather, evaluates the reasonableness of an administrative determination in light of the record compiled before the plan fiduciary." (alterations in original) (quoting *Leahy v. Raytheon Co.*, 315 F.3d 11, 17-18 (1st Cir. 2002))).[3]

However, even under the arbitrary and capricious standard of review, courts in this Circuit will allow limited discovery in order to assist the court in evaluating:

> 1) the exact nature of the information considered by the fiduciary in making the decision; 2) whether the fiduciary was competent to evaluate the information in the administrative record; 3) how the fiduciary reached its decision; 4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and 5) to determine whether a conflict of interest existed.

*Cerrito v. Liberty Life Assur. Co. of Bos.*, 209 F.R.D. 663, 664 (M.D. Fla. 2002) (collecting cases); *see also Ricard v. Int'l Bus. Machs. Corp.*, No. 2:11-cv-720-FtM-UASPC, 2012 WL 1131996, at *1–2 (M.D. Fla. April 4, 2012) (holding discovery in an ERISA disability case is permissible on a limited basis, with focus on the claim administrator's decision-making).

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

Turning first to the question of the timing of Plaintiff's motion, while the undersigned questions Plaintiff's failure to seek discovery at any earlier point in this case, the undersigned agrees that a discovery deadline was not established, nor has discovery been prohibited. *See* Doc. No. 32. And Anthem does not argue that Plaintiff's motion is untimely. Doc. No. 53. Thus, the undersigned declines to deny Plaintiff's motion wholesale on the basis of timeliness.

That said, the undersigned does not find Plaintiff's motion due to be granted in its entirety. As Plaintiff herself recognizes, in ERISA denial of benefits cases, discovery is permissible only on a limited basis, with the focus on the claim administrator's decision-making. *See* Doc. No. 47, at 3; Doc. No. 57, at 3, 7-8; *see also Fish v. Unum Life Ins. Co. of Am.*, 229 F.R.D. 699, 701 (M.D. Fla. 2005); *Rosser-Monahan v. Avon Prods., Inc.*, 227 F.R.D. 695, 698 (M.D. Fla. 2004); *Lake v. Hartford Life & Acc. Ins. Co.*, 218 F.R.D. 260, 261 (M.D. Fla. 2003); *Cerrito*, 209 F.R.D. at 664. In her motion and reply, Plaintiff does not challenge whether Anthem was competent to evaluate the information in the administrative record, does not argue that it was incumbent upon Anthem to seek outside technical assistance in reviewing Plaintiff's claim, and does not argue that a conflict of interest exists. Doc. Nos. 47, 57. Rather, the only bases upon which Plaintiff seeks discovery is to ensure that Anthem had all information before it when it decided Plaintiff's claim and appeal, and whether Anthem followed all proper Plan policies and requirements in

reaching those decisions. *See, e.g.,* Doc. No. 47, at 4 ("Discovery under ERISA should include all the facts known to the administrator at the time the claims decision was made."); *id.,* at 5 ("Plaintiff is entitled to receive copies of all the documents Anthem used to make its determination to only approve one date of service."); *id.,* at 6 ("Anthem has not provided documents listed above which justify its actions nor has Anthem clarified what information was available to it at the time it approved only One (1) date of service."); *id.* (arguing that call logs are "material to the action" as they relate to Anthem's appeal decision); *see also* Doc. No. 57, at 2-3 ("Plaintiff is entitled to discovery all information considered b[y] Anthem in making its decision and electing to ignore the evidence in her appeal and to determine if the record complied by Anthem is complete."); *id.,* at 4-5 ("Plaintiff also has the right to examine whether Anthem fulfilled its fiduciary duties as an administrator, to determine whether procedures were followed to compile the record and whether the record is complete.").[4]  As such, the undersigned only considers whether discovery is warranted for these narrow purposes.  And on these narrow bases, the undersigned finds limited discovery is appropriate.

---

[4] Given these numerous references by Plaintiff, the undersigned disagrees with Anthem that Plaintiff has failed to argue she is entitled to discovery under applicable legal authority.

While Anthem claims that it has submitted the entire administrative record, and that the administrative record includes all facts and information that were available to Anthem at the time it made its decision regarding Plaintiff's claim, the undersigned is unable to confirm this assertion. As noted above, the administrative record filed in this case is confusing at best. There is no table of contents or cover page, no accompanying declaration explaining the contents of the record, no bates numbers, and no certification. Simply put, the undersigned has no idea what Anthem has submitted beyond a compilation of medical records and Plan documents without explanation.

Anthem's response is equally confusing. Anthem argues that the discovery Plaintiff seeks was either already provided, does not exist, or is not relevant. Doc. No. 53, at 2. But what Anthem does not argue is that all or some of the information Plaintiff seeks via discovery was not before Anthem at the time it made its claims and/or appeals decisions concerning Plaintiff. Given the current state of the administrative record, and the absence of any certification regarding the completeness of same, the undersigned cannot say at this time that Plaintiff is precluded from engaging in at least some discovery to ascertain the completeness of the record and the basis for Anthem's decisions. *Cf. Blake v. Union Camp Int'l Paper*, 622 F. App'x 853, 856 (11th Cir. 2015) (affirming denial of motion to compel discovery in ERISA denial of benefits case where defendant "produced the entire

- 10 -

administrative record and certified that the record included everything that had been complied for the administrator's review of [plaintiff's] claim. This production ensured that the district court had before it all facts known to the administrator when the administrator made its decision." (citing *Jett*, 890 F.2d at 1139)).

As such, limited discovery will be permitted on the following areas: (1) the exact nature of the information considered by Anthem in making the decision to deny Plaintiff's claim and in deciding her appeal; and (2) how Anthem reached those decisions. *See United Surgical Assistants, LLC v. Aetna Life Ins. Co.*, No. 8:14-cv-211-T-30JSS, 2015 WL 13750191, at *3 (M.D. Fla. Oct. 19, 2015) ("[G]iven the dispute in this case concerning the denial of benefits under Defendants' ERISA plans and the bases for the denial, limited discovery is permissible to ascertain the facts known to the administrator at the time the claims denial decision was made."); *Crume v. Metro. Life Ins. Co.*, 387 F. Supp. 2d 1212, 1213–14 (M.D. Fla. 2005) (affirming decision to permit discovery "within the parameters of *Cerrito*"). The undersigned will permit a very short period of time in which Plaintiff may conduct limited and targeted discovery on these issues, as set forth below.

Plaintiff's request to supplement the administrative record with the February 21, 2024 letter and related mailing information, however, will be denied.[5]  It is undisputed that these documents were created after Anthem decided Plaintiff's claim and all appeals.  *See Alexandra H. v. Oxford Health Ins. Inc. Freedom Access Plan*, 833 F.3d 1299, 1312 (11th Cir. 2016) ("It is well established that in reviewing a denial of ERISA benefits, the relevant evidence is limited to the record before the administrator at the time the decision was made." (citations omitted)); *Quinn v. Qwest Comm'ns Corp.*, No. CV-09-BE-2403-E, 2011 WL 13227997, at *2, 2011 WL 13227997, at *2 (N.D. Ala. Sept. 30, 2011) ("[A]n ERISA plaintiff cannot generally supplement the Administrative Record with additional evidence after the plan administrator's decision has been made[.]").  Plaintiff makes no argument that the letter and mailing information were part of Anthem's decision-making process, and does not point to any provisions of the Plan establishing (or even suggesting) that the letter would be part of any continued appeals process that would be at issue in

---

[5] In her reply, Plaintiff for the first time also asks to supplement the administrative record with a "call log" from Plaintiff's counsel's office and "all evidence listed" in the two attached declarations from Plaintiff's counsel.  Doc. No. 57, at 9.  These requests were not included in the original motion, which only sought to supplement the record with the February 21, 2024 letter and related mailing information, *see* Doc. No. 47, at 7, and Plaintiff may not add new requests for relief in a reply brief.  Moreover, it appears that Plaintiff will be seeking discovery of these additional materials, and therefore there is nothing yet to supplement.

this case. *See Shultz v. Aetna Life Ins. Co.*, No. 1:16-CV-94-MHT-DAB, 2017 WL 2905849, at *2 (M.D. Ala. Apr. 26, 2017) (striking declaration from administrative record that did not exist at the time the claims decision was made); *Everson v. Zurich Am. Ins. Co.*, No. 5:14-cv-613-Oc-37PRL, 2015 WL 1708453, at *2 (M.D. Fla. Apr. 15, 2015) (denying request to supplement administrative record with plaintiff's requests to defendant to supplement the record, defendant's denials of the requests to extend or consider additional information, and the opinions of plaintiff's expert, all of which were created after the claims decision was made).

## IV. CONCLUSION

For the reasons discussed above, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Allow Discovery in ERISA Action and to Supplement the ERISA Record (Doc. No. 47) is **GRANTED IN PART AND DENIED IN PART**. The motion (Doc. No. 47) is **GRANTED** to the extent that Plaintiff is permitted to conduct discovery on the following areas: (1) the exact nature of the information considered by Anthem in making the decision to deny Plaintiff's claim and in deciding her appeal; and (2) how Anthem reached those decisions.

2. The discovery period shall last for **sixty (60) days** from the date of this Order and will not be extended absent a showing of exigent circumstances.

Plaintiff shall seek discovery in accordance with the Federal Rules of Civil Procedure, and Anthem shall respond in accordance with those same rules.

3. Within **seven (7) days** from the date of this Order, Anthem shall file under seal a certified copy of the administrative record, to include bates numbering as well as a table of contents, declaration, or the like, that will permit the Court to review the administrative record and locate documents cited by the parties in their briefs.

4. In all other respects, Plaintiff's motion (Doc. No. 47) is **DENIED.**

5. No party should interpret or rely upon the rulings in this Order as speaking on whether any information obtained during discovery will ultimately be admissible and/or considered by the Court in ruling on the substantive issues in this case.

**DONE** and **ORDERED** in Orlando, Florida on April 3, 2025.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties